IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARRAGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON MUTUAL BANK,<br><br>    Defendant. | No. C 06-01646 CRB<br><br>**ORDER** |

Now pending before the Court is Plaintiff's motion to compel arbitration and to stay the proceedings. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

In December of 2001, Plaintiff Christopher Barragan ("Barragan") accepted a job with Defendant Washington Mutual Bank ("WaMu"). Barragan worked at WaMu for more than four years, during which time he held three different positions: (1) Personal Financial Representative, (2) Senior Personal Financial Representative, and (3) Assistant Financial Center Manager. He voluntarily left his job at WaMu in March of 2005.

After leaving, Barragan sued his former employer, alleging that WaMu had failed to pay him overtime, in violation of both federal law (the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*) and state law (California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200). In this lawsuit, he purports to represent himself and all other similarly situated

current or former employees of WaMu, *i.e.*, all employees who either work or have worked at WaMu in one of the three positions held by Barragan. He seeks, among other forms of relief, restitution for unpaid overtime wages.

In the motion currently pending before the Court, Barragan seeks to compel WaMu to submit to binding arbitration. In support of this motion, Barragan invokes the Binding Arbitration Agreement he signed upon first accepting a job with WaMu. This Agreement provides in relevant part:

> 1. Any and all disputes which involve or relate in any way to my employment (or termination of employment) with Washington Mutual shall be submitted to and resolved by final and binding arbitration.
>
> 2. I understand that by entering into this agreement, I am waiving any right I may have to file a lawsuit or other civil action or proceeding relating to my employment with Washington Mutual, and am waiving any right I may have to resolve employment disputes through trial by jury. I agree that arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment.
>
> . . .
>
> 7. In order to initiate arbitration, Washington Mutual or I must so notify the other party in writing of their [sic] decision to initiate arbitration, either by personal delivery or certified mail. The notification should [identifying] information about the employee . . . , and the following information about the occurrence: date, location, nature of the claims or dispute, facts upon which the claims are made, and remedy requested. . . . Notice of arbitration initiated by me shall be sent to Washington Mutual's Legal Department, attention Associate General Counsel – Litigation.
>
> . . .
>
> 16. I agree that the decision of the arbitrator shall be final and binding on all parties and shall be the exclusive remedy of the parties. . . .
>
> . . .
>
> 18. Because of the interstate nature of Washington Mutual's business, this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"). The provisions of the FAA (and to the extent not preempted by the FAA, the provisions of the law of [California] that generally apply to commercial arbitration agreements, such as provisions granting stays of court actions pending arbitration) are incorporated into this Agreement to the extent not inconsistent with the other terms of this agreement.

Decl. of Ned A. Fine, Ex. A (hereinafter "Agreement"). Barragan argues that, on the basis of this Agreement, the Court should compel WaMu to submit to binding arbitration to resolve

2

his claim, as well as the claims of all other members of the class(es) he purports to represent. Further, Barragan requests the Court to suspend proceedings in the instant lawsuit until the conclusion of the would-be arbitration proceedings.

WaMu opposes arbitration. It asserts (1) that Barragan cannot invoke arbitration because he has not complied with the notice requirements contained in the Agreement, (2) that Barragan has failed to clarify the nature of his claims against WaMu, as required by the Agreement, (3) that it is impermissible for Barragan to pursue an action in arbitration on behalf of other purported class members, much less without their explicit consent, and (4) that Barragan has waived his right to arbitration by failing to raise the issue until "months after he chose this court as a forum to resolve his claims." Def. Wash. Mut. Bank's Opp. to Mot. to Compel Arbitration and Stay Proceedings at 5-8 & n.4 (hereinafter "Wamu Opp.").

## DISCUSSION

The Federal Arbitration Act provides that an agreement to submit commercial disputes to arbitration shall be "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act further provides that, upon a determination that the parties to a lawsuit have executed a binding arbitration agreement, a district court shall "direct[] the parties to proceed to arbitration in accordance with the terms of the agreement," *id.* § 4, and shall "stay the trial of the action until such arbitration has been had," *id.* § 3.

Congress's purpose in passing the Act was to put arbitration agreements "'upon the same footing as other contracts,'" thereby "reversing centuries of judicial hostility to arbitration agreements" and allowing the parties to avoid "'the costliness and delays of litigation.'" *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510-11 (1974) (quoting H. R. Rep. No. 96, 68th Cong., 1st Sess., 1, 2 (1924)). In applying the Act, therefore, the courts have developed a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1983). The Supreme Court has emphasized that the courts should refer a matter for arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers

3

the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). In other words, any doubt about the applicability of an arbitration clause must be "resolved in favor of arbitration." *Id.* Moreover, the courts have emphasized that arbitration is especially preferable in the context of labor controversies. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 549 (1964) (noting "the central role of arbitration in effectuating national labor policy"); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) (describing "a strong policy favoring arbitration of labor disputes" ).

This preference for arbitration, however, does not mean that federal courts are out of the picture altogether once an arbitration clause is invoked. Rather, the Supreme Court has preserved a limited role for the federal courts to play in interpreting arbitration agreements. Specifically, courts must decide "whether the parties have submitted a particular dispute to arbitration" — that is, "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). These types of questions, which the Court has described as "questions of arbitrability," are properly for resolution by a court. *Id.* at 84.

By contrast, other types of disputes about arbitration clauses are generally beyond the purview of the judiciary. Generally speaking, there is a presumption that courts should not decide "procedural questions" relating to an arbitration agreement. *Id.* at 85. Such procedural matters should be addressed in the first instance by the arbitrator, even if the resolution of these procedural questions may be dispositive or may preclude an arbitration proceeding altogether. *See id.* at 84-85. *Accord* REVISED UNIFORM ARBITRATION ACT OF 2000 § 6(c) & cmt. 2 (noting the predominant view among the states, as well as under the Federal Arbitration Act, that an arbitrator "shall decide whether a condition precedent to arbitrability has been fulfilled").

In numerous contexts, the Supreme Court has reiterated that a federal court should compel arbitration and refer consideration of such procedural issues to the arbitrator. *See, e.g., Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (vacating an $11 million

4

judgment because a court, rather than an arbitrator, had decided "whether the agreement forbids class arbitration"); *Howsam*, 537 U.S. at 85 (finding that a dispute over the applicable "time limit" on a party's power to invoke arbitration should be adjudicated by an arbitrator); *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25 (emphasizing that it is preferable for an arbitrator to decide issues such as "waiver, delay, or a like defense to arbitrability"); *John Wiley & Sons*, 376 U.S. at 556-57 (holding that an arbitrator, not a judge, should determine whether a party has satisfied the "procedural prerequisites to arbitration").

Therefore, the instant motion requires this Court to determine only whether the underlying dispute is *arbitrable*. In assessing the arbitrability of a dispute, this Court must determine "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam*, 537 U.S. at 83-84. Here, the parties do not dispute that they are bound by the arbitration agreement they each signed in connection with Barragan's employment at WaMu. The only disputed question is whether the language of the Agreement encompasses the claims asserted by Barragan. In other words: does the Agreement contemplate binding arbitration for claims under the federal Fair Labor Standards Act and California's Unfair Competition Law? The Court holds that it does.

The Agreement provides that binding arbitration shall be the "exclusive remedy" for "[a]ny and all disputes which involve or relate in any way to [Barragan's] employment (or termination of employment) with Washington Mutual." Agreement ¶¶ 1, 16. While Barragan purports to assert claims on behalf of all "similarly situated" WaMu employees, the crux of the underlying claims is whether, under the Fair Labor Standards Act, Barragan was wrongfully denied compensation for overtime he may have worked at WaMu. This subject matter falls within the broad ambit of the Agreement. Therefore, Barragan's claims are arbitrable.

The conclusion that Barragan's claims are arbitrable is bolstered not only by the cannon that "any doubt about about the scope of arbitrable issues should be resolved in favor of arbitration," *Bazzle*, 539 U.S. at 445, but also by a Ninth Circuit case holding, on

remarkably similar facts, that an employment contract compelled the submission of similar claims to arbitration. In *Kuehner v. Dickinson & Company*, 84 F.3d 316 (9th Cir. 1996), a worker sued his former employer for unpaid wages and overtime under the Fair Labor Standards Act. *Id.* at 318. The employer moved to compel arbitration, citing an employment contract that required arbitration for "any dispute, claim, or controversy . . . arising out of the employment or termination of employment" of the plaintiff. *Id.* The Ninth Circuit held that the worker had to submit his FLSA claims to arbitration. *Id.* at 319-21. *See also Albertson's, Inc. v. United Food and Commercial Workers Union*, 157 F.3d 758, (9th Cir. 1998) (noting the *Kuehner* court's conclusion "that Congress had not restricted the enforceability of contracts to arbitrate FLSA claims"). As in *Kuehner*, the contract executed between Barragan and WaMu renders the FLSA claims at issue in this lawsuit arbitrable.

WaMu opposes arbitration here principally on procedural grounds. In particular, WaMu cites Barragan's failure to comply with conditions precedent to arbitration (including notice and a clear statement of the claims presented), the impropriety of class arbitration, and waiver. These arguments, however, are not subject to resolution by this Court. In fact, the Supreme Court has specifically rejected each of these grounds as a purported reason why the federal courts should refuse to enforce an arbitration agreement. *See Bazzle*, 539 U.S. at 452 (2003) ("whether the arbitration contracts forbid class arbitration"); *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25 ("waiver, delay, or a like defense to arbitrability"); *John Wiley & Sons*, 376 U.S. at 556-57 ("procedural prerequisites to arbitration"). Where, as here, a party opposes arbitration on purely procedural grounds, these procedural issues "are presumptively *not* for the judge, but for an arbitrator, to decide."[1] *Howsam*, 537 U.S. at 84.

---

[1] WaMu contends that Barragan has "fail[ed] to clearly state the classes he purports to represent, or the claims he brings on their behalf." Wamu Opp. at 6. In support of this view, WaMu notes that Barragan previously indicated at a private meeting between the parties that he would amend his complaint. *See id.* at 4-5.

WaMu's argument is susceptible to two interpretations. It might be viewed as an argument that Barragan has failed to comply "with the terms of the Agreement," and specifically with the Agreement's requirement that Barragan explain the "nature of [his] claims or dispute." Agreement ¶ 7. To the extent that WaMu relies on Barragan's "non-compliance," this argument is procedural in nature and therefore not subject to resolution by the Court. Alternatively, it might be construed as an argument that Barragan's claims are too vague. To the extent that

6

Because the Agreement mandates arbitration for all disputes (such as the FLSA claims here) that "relate in any way to [Barragan's] employment . . . with Washington Mutual," and because WaMu's objections to arbitration rest on procedural concerns that are for an arbitrator (rather than a judge) to decide, this Court is bound to enforce the arbitration agreement. Of course, this Court expresses no view on the merits of WaMu's several procedural objections. Plaintiff's motion to compel arbitration and to stay the proceedings is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 28, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

WaMu portrays Barragan's substantive claims as impermissibly vague or still undefined, this argument *is* a matter for the Court to adjudicate, in that it pertains to the question of whether the underlying dispute is "arbitrable."

Any argument that Barragan's claims are impermissibly vague, however, is without merit. The complaint clearly identifies the nature of *a* dispute, even if Barragan has privately indicated to WaMu that he may raise *other* disputes. This Court must adjudicate the motion currently pending — a motion to compel arbitration of the claims actually raised in the Complaint, not any claims that Barragan might have raised. Any promised or possible amendments to the Complaint are irrelevant to the pending motion, and cannot serve as a basis for refusing to enforce the parties' binding arbitration agreement.